2011 UT App 217

**Andrew Paul D'AMBROSIA Jr., Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

**No. 20110456–CA.**

Court of Appeals of Utah.

June 30, 2011.

Andrew Paul D'Ambrosia Jr., Salt Lake City, Appellant Pro Se.

Before Judges DAVIS, McHUGH, and ROTH.

DECISION

PER CURIAM:

¶ 1 Andrew Paul D'Ambrosia Jr. appeals the trial court's dismissal of his petition for postconviction relief as frivolous. This is before the court on its own motion for summary disposition based on the lack of a substantial question for review.

¶ 2 The trial court did not err in dismissing D'Ambrosia's petition because D'Ambrosia failed to state a claim as a matter of law. D'Ambrosia asserted that he was unlawfully arrested and that evidence unlawfully obtained was used against him. However, because he pleaded no contest to the charge, he has waived these issues. *See State v. Rhinehart,* 2007 UT 61, ¶ 15, 167 P.3d 1046 (noting that by pleading guilty, a defendant waives all nonjurisdictional defects, including constitutional claims); *State v. Smith,* 833 P.2d 371, 372 (Utah Ct.App. 1992) (stating that a plea of guilty or no contest waives the right to challenge all nonjurisdictional issues).

¶ 3 D'Ambrosia also asserted that he received ineffective assistance of counsel. However, he has not alleged any specific facts that would establish either deficient performance or prejudice. *See State v. Dunn,* 850 P.2d 1201, 1225 (Utah 1993) (noting that

to establish ineffective assistance of counsel, a defendant must show both deficient performance and prejudice). He asserts that counsel refused to file a motion to dismiss the charges against him, forcing him to file a pro se motion. However, failing to make a motion that would be futile if filed does not constitute ineffective assistance of counsel. *See Parsons v. Barnes,* 871 P.2d 516, 525 (Utah 1994). D'Ambrosia did not show that such a motion would be successful, nor did he allege any other specific facts that would support a claim of ineffective assistance of counsel. Furthermore, the alleged basis for the motion to dismiss was waived by his no contest plea. Accordingly, the trial court did not err in determining that D'Ambrosia had failed to state a claim as a matter of law and that his petition was therefore frivolous.

¶ 4 Affirmed.[1]

1. To the extent that D'Ambrosia asserts that he was denied his right to appeal his sentence, he

may seek relief under rule 4(f) of the Utah Rules of Appellate Procedure.